UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PETER OROMO,<br><br>Petitioner,<br><br>vs.<br><br>SECOND JUDICIAL CIRCUIT,<br><br>Respondent. | 4:26-CV-04081-ECS<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Peter Oromo, an inmate at Kandiyohi County Jail, in Willmar, Minnesota, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 4, 2026. Doc. 1. Petitioner requests that his South Dakota state court sentence (49CRI21005092) be vacated on the grounds of ineffective assistance of counsel because his lawyer allegedly failed to advise him of the consequences his plea deal would have related to immigration. Id. at 2, 4–7. Although Oromo styled his filing as a petition pursuant to § 2241, 28 U.S.C. "§ 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence." Singleton v. Norris, 319 F.3d 1018, 1022–23 (8th Cir. 2003) (en banc) (quoting Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)).

Even if this Court construed Oromo's filing as a § 2254 petition, his petition is not properly before this Court because he has not exhausted his state remedies. See Doc. 1 at 2–5. Under 28 U.S.C. § 2254(b) and (c), a petitioner must first exhaust a claim in the state court before seeking federal court remedies. "A claim is considered exhausted when the petitioner has

afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citation omitted). Here, Oromo indicates that he filed a motion to vacate his sentence based on ineffective assistance of counsel in the Second Judicial Circuit Court of South Dakota, but he does not indicate that he has filed an appeal with the South Dakota Supreme Court or a habeas petition to the state court that was appealed to the South Dakota Supreme Court related to this issue. See generally Doc. 1. Thus, even if this Court viewed Oromo's filing as a petition for habeas corpus pursuant to § 2254, he has failed to exhaust his state court remedies. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Oromo's petition for habeas corpus is dismissed without prejudice so that he may exhaust his remedies in state court.[1] Accordingly, it is

ORDERED that Oromo's Petition for Writ of Habeas Corpus, Doc. 1, is denied and dismissed without prejudice. It is further

ORDERED that Oromo's Motion for Leave to Proceed In Forma Pauperis, Doc. 3, is denied as moot.

DATED this 13th day of October, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

[1] This Court also notes that it does not appear that Oromo has named as a respondent the proper individual pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. See also Evans v. Sullivan, No. 5:24-CV-05051-RAL, 2025 WL 621947, at *1–2 (D.S.D. Feb. 20, 2025).